EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Centro de Periodismo Investigativo, Inc.; Luis J. Valentín Ortiz; Noel Algarín Martínez<br><br>Recurridos<br><br>v.<br><br>Jenniffer González Colón, en su capacidad oficial como Gobernadora del Estado Libre Asociado de Puerto Rico; Marieli Padró Raldiris, en su capacidad oficial como Secretaria de Prensa de la Gobernadora del Estado Libre Asociado de Puerto Rico; Oficina de la Gobernadora del Estado Libre Asociado de Puerto Rico; Departamento de Estado; Estado Libre Asociado de Puerto Rico<br><br>Peticionarios | 2026 TSPR 31<br><br>218 DPR ___ |

Número del Caso: CT-2026-0001

Fecha: 27 de marzo de 2026

Representantes legales de la parte peticionaria:

  Lcdo. Ramón L. Rosario Cortés
  Lcdo. Gian Carlo Oliver Martínez

Materia: Resolución del Tribunal con Voto particular de conformidad.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Centro de Periodismo Investigativo, Inc.; Luis J. Valentín Ortiz; Noel Algarín Martínez<br><br>Recurridos<br><br>v.<br><br>Jenniffer González Colón, en su capacidad oficial como Gobernadora del Estado Libre Asociado de Puerto Rico; Marieli Padró Raldiris, en su capacidad oficial como Secretaria de Prensa de la Gobernadora del Estado Libre Asociado de Puerto Rico; Oficina de la Gobernadora del Estado Libre Asociado de Puerto Rico; Departamento de Estado; Estado Libre Asociado de Puerto Rico<br><br>Peticionarios | CT-2026-0001 | |

RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Examinado el *Recurso urgente de certificación intrajurisdiccional* y la *Moción en auxilio de jurisdicción* presentados por la parte peticionaria, Jenniffer González Colón, en su capacidad oficial como Gobernadora del Estado Libre Asociado de Puerto Rico y otros, se provee no ha lugar.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez emitió un voto particular de conformidad. El Juez Asociado señor Feliberti Cintrón está conforme y hace constar las expresiones siguientes, a las que se unieron la Jueza Asociada señora Pabón Charneco, la Jueza Asociada Rivera Pérez y el Juez Asociado señor Candelario López:

Estoy conforme con la determinación de este Tribunal denegando la certificación del recurso ante nos. No obstante, confío en que el Tribunal de Apelaciones atenderá los asuntos aquí planteados con la celeridad que los mismos ameritan, en cuyo caso la parte que no prevalezca podrá entonces recurrir ante este Tribunal oportunamente y, de ser necesario, podríamos expresarnos sobre las controversias envueltas.


                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Centro de Periodismo Investigativo, Inc.; Luis J. Valentín Ortiz; Noel Algarín Martínez<br><br>    Recurridos<br><br>        v.<br><br>Jenniffer González Colón y otros<br><br>    Peticionarios | CT-2026-0001 |

Voto particular de conformidad emitido por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 27 de marzo de 2026.

En extrema síntesis, el presente caso tiene su génesis en una *Demanda* sobre sentencia declaratoria, e *injunction* preliminar y permanente, presentada, el pasado 29 de diciembre de 2025, ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por el Centro de Periodismo Investigativo, y los periodistas Sres. Luis J. Valentín y Noel Algarín Martínez (en adelante y en conjunto, "CPI") en contra de la Gobernadora del Estado Libre Asociado de Puerto Rico, Hon. Jenniffer González Colón; la Sra. Marieli Padró Raldiris, en su capacidad oficial como Secretaria de Prensa de la Gobernadora; la Oficina de la Gobernadora; el Departamento de Estado; y el Estado Libre Asociado de Puerto Rico (en adelante y en conjunto, "el E.L.A.").

En esencia, en su recurso, el CPI impugnó cierta actuación del E.L.A. al requerirle una certificación de prensa vigente,

expedida por el Departamento de Estado, como condición para asistir a las conferencias de prensa celebradas en La Fortaleza. Conforme a dicho proceder, argumentó que tal limitación constituía una violación al derecho constitucional a la libertad de prensa.

Enterado de lo anterior, el E.L.A. presentó, ante el foro primario, una *Moción de desestimación y/o petición de sentencia sumaria*, en la que sostuvo, entre otras cosas, que los requisitos de registro y certificación a los periodistas aquí en controversia no violentaban derecho constitucional alguno, sino que perseguían fines de seguridad y el orden; y que dicha medida era de aplicación neutral y general. Por tal razón, solicitó que se desestimase la *Demanda* por no existir una reclamación plausible que justificase la concesión de un remedio.

Evaluados los planteamientos de las partes, el 23 de febrero de 2026 el Tribunal de Primera Instancia emitió una *Sentencia* en virtud de la cual concedió los remedios solicitados por el CPI. **Según su razonamiento, la actuación del E.L.A. coarta e incide sustancialmente sobre el derecho a la libertad de prensa al denegar a periodistas y entidades periodísticas, -- como el CPI --, el acceso a información gubernamental, máxime cuando el requerimiento de dicha certificación perseguía un propósito distinto que aquel autorizado por ley.**[1]

---

[1] Según el Art. 2.24 de la Ley Núm. 22 del 7 de enero de 2000, mejor conocida como la *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5025, el propósito de la referida certificación es que los y las periodistas puedan

Inconforme con dicho proceder, el 20 de marzo de 2026 el E.L.A. recurrió ante el Tribunal de Apelaciones. Sin embargo, en esa misma fecha compareció ante este Tribunal mediante un *Recurso urgente de certificación intrajurisdiccional*.[2]

En dicho escrito, el E.L.A. sostiene que existen circunstancias que justifican la intervención inmediata de este Foro, pues la *Sentencia* recurrida: (1) invalida una política administrativa del Poder Ejecutivo mediante una interpretación constitucional, a su juicio, contradictoria a lo resuelto en *Disidente Universal de Puerto Rico v. Departamento de Estado*, 145 DPR 689 (1998); y, por consiguiente, (2) plantea cuestiones constitucionales sustanciales sobre la naturaleza de los foros gubernamentales y el alcance del derecho a la libertad de prensa.

A su vez, el E.L.A. alega que el Tribunal de Primera Instancia erró al conceder remedios extraordinarios sin la celebración de una vista evidenciaria. Al respecto, argumenta que no se le permitió presentar prueba ni se llevó a cabo el desarrollo ordinario del procedimiento judicial.

**Hoy, este Tribunal acuerda denegar la petición de certificación ante nuestra consideración. Con dicho proceder, estamos de acuerdo. Empero, el juez que suscribe considera**

---

solicitar, ante el Departamento de Transportación y Obras Públicas, una tablilla o rótulo, a los fines de facilitar su acceso a estacionamientos habilitados para la prensa, en el ejercicio de sus funciones.

[2] De igual forma, el E.L.A. presentó una *Moción en auxilio de jurisdicción*. En la misma, dicha parte nos solicita dejar sin efecto el *injunction* emitido por el foro primario, hasta tanto este Tribunal atienda los méritos de la controversia. Ello, puesto que, a su entender, los efectos prácticos de la referida orden alteran la administración de actos oficiales del Poder Ejecutivo.

**necesario exponer las dos principales razones, -- una procesal y una sustantiva --, que lo mueven a ello. Nos explicamos.**

En cuanto al aspecto procesal de los asuntos traídos ante nuestra consideración, y similar al raciocinio empleado por el Tribunal de Primera Instancia, somos del criterio que en este caso no era indispensable la celebración de una vista evidenciaria para emitir el *injunction* preliminar y permanente solicitado. Lo anterior, toda vez que no había necesidad de descubrir prueba alguna.

**Al respecto, conviene recordar aquí que este Tribunal en innumerables ocasiones ha sentenciado que "el propósito [de la referida vista evidenciaría] es, [en efecto], recibir evidencia para dilucidar hechos en controversia".** *Torres Ponce v. Jiménez*, 113 DPR 58, 60 (1982). **Cónsono con ello, también hemos dicho que es innecesario celebrar una vista evidenciaria como requisito previo para emitir un *injunction* cuando no existen controversias de hechos materiales.** *Íd.*, en la pág. 61; J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, Tomo V, págs. 1675-1676. Véase, también, *Next Step Medical v. Biomet, Inc.*, 195 DPR 739, esc. 14 (2016); *AMPR et als. v. Sist. Retiro Maestros II*, 190 DPR 88, 90 (2014) (Resolución); *Rivera Schatz v. ELA*, 191 DPR 449, 451 (2014).[3] **Tal es el caso de autos.**

_____

[3] A pesar de que algunos de estos casos se dan en el contexto de un *injunction* preliminar, también se ha validado dicho proceder para un *injunction* permanente. Véase, a modo de ejemplo, *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007)("[A] hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law."); *Rosario-Urdaz v. Rivera-Hernández*, 350 F.3d 219, 223 (1st Cir. 2003) ("If the trial court

Y es que, en lo que respecta a la causa de epígrafe, en este caso, según adelantamos, el foro primario venía llamado a responder una cuestión estrictamente de derecho y sobre la cual no existía controversia medular sobre hechos esenciales, a saber: si procedía, o no, el exigir determinada certificación, expedida por el Departamento de Estado, como condición para permitirle el acceso a periodistas a las conferencias de prensa celebradas en La Fortaleza.

Siendo ello así, y de conformidad con la normativa antes expuesta, el Tribunal de Primera Instancia, como correctamente lo hizo, podía atender la solicitud de *injuction* preliminar y permanente ante su consideración sin la necesidad de escuchar directamente a las partes en una vista evidenciaria.[4] En ese sentido, para el juez que suscribe, este señalamiento de error no fue cometido.

Dicho ello, respecto al aspecto sustantivo de los asuntos traídos ante nuestra consideración, la Constitución del Estado Libre Asociado de Puerto Rico establece que no se aprobará ley alguna que restrinja la libertad de palabra o de prensa. Art.

---

has before it competing submissions of evidentiary quality, or if the facts are essentially undisputed, or if the answer to the likelihood-of-success inquiry is readily apparent, great respect ordinarily will be afforded to the presider's decision not to convene an evidentiary hearing."); *Torres Ponce v. Jiménez*, *supra*, pág. 60; *SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980) ("The critical question, however, is not whether a court may issue a permanent injunction on summary judgment without hearing testimonial evidence, but whether the SEC, as the moving party here, clearly established the absence of any genuine issue of fact material to the granting of the injunction."); y 13 Moore's Federal Practice sec. 65.21 ("A hearing on the merits of the preliminary injunction is thus usually required only when a dispute exists between the parties as to the material facts.").

[4] **De hecho, el E.L.A. inicialmente solicitó que el caso se resolviera de forma sumaria.**

II, Sec. 4, Const. ELA. PR, LPRA, Tomo 1. **Cabe señalar que, en reiteradas ocasiones, este Tribunal ha reconocido, -- como corolario de la libertad de prensa --, el derecho de acceso, el derecho de recopilar y el derecho a publicar como herramientas claves para el libre flujo de información, intercambio de ideas y el ejercicio eficaz del referido derecho constitucional**. Véase, por ejemplo, *Disidente Univ. de P.R. v. Depto. de Estado*, *supra*; *Villanueva v. Hernández Class*, 128 DPR 618 (1991); *Soto v. Srio. de Justicia*, 112 DPR 477 (1982). De ahí, que "la libertad de prensa es un derecho fundamental de todos los puertorriqueños y puertorriqueñas, y proteger dicho derecho goza del más alto interés público". *Izquierdo II v. Cruz*, 213 DPR 607, 635 (2024) (Op. de conformidad del Juez Asociado señor Colón Pérez).

**Es por ello que, cuando tenemos ante nos controversias sobre libertad de palabra o de prensa, estamos llamados a resguardar celosamente las protecciones de estos derechos, por su valor de la más alta jerarquía constitucional**. *OCS v. Point Guard Ins.*, 205 DPR 1005, 1019 (2020); *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 286 (2010); *Muñiz v. Admor. Deporte Hípico*, 156 DPR 18, 23 (2002). Debemos reconocer, sin embargo, que el derecho a la libertad de palabra y de prensa podría estar sujeto a limitaciones, siempre y cuando éstas "no abarquen más de lo necesario". *OCS v. Point Guard Ins.*, *supra*.

Así las cosas, y conforme con lo aquí expuesto, somos del criterio que, -- tal como lo determinó la Jueza del Tribunal de Primera Instancia, la Hon. Iris L. Cancio González --, el

exigir la certificación previamente mencionada, como condición para permitir el acceso de periodistas a las conferencias de prensa celebradas en La Fortaleza, viola el derecho constitucional a la libertad de prensa. Lo anterior así, toda vez que ello representa una actuación irrazonable, la cual incide sustancialmente en las funciones periodísticas de éstos y éstas, quedando limitados los derechos de acceso, de recopilación y de publicación de información, que, según mencionamos, están íntimamente ligados al referido derecho constitucional. Por ende, para el juez que suscribe, este señalamiento de error tampoco fue cometido.

En fin, nos encontramos ante un dictamen, emitido por el foro primario, a todas luces, correcto. Es, pues, por los fundamentos expuestos que estamos conformes con la determinación que hoy toma este Tribunal.


                                        Ángel Colón Pérez
                                        Juez Asociado